IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LAWRENCE MICHAEL HARRISON,**
    **Petitioner,**

vs.                                                      **3:07cv225/RV/MD**

**FEDERAL BUREAU OF PRISONS,**
    **Respondent.**

## REPORT AND RECOMMENDATION

      Petitioner filed a petition for writ of mandamus with this court seeking an order directing the respondent Bureau of Prisons to comply with its own Program Statements and provide necessary dental services to him. (Doc. 1). Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 5 & 7).

      A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist. *Lovern*, 190 F.3d at

654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).

A party who seeks a writ of mandamus bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Under section 1361, "The test for jurisdiction is whether mandamus would be an appropriate means of relief." *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).[1] In the Eleventh Circuit, granting mandamus relief is a drastic remedy "to be invoked only in extraordinary situations." *In re BellSouth Corp.*, 334 F.3d 941, 953 (11th Cir. 2003) (internal quotations and citation omitted). Also, in resolving whether the court has jurisdiction under 28 U.S.C. § 1361, "allegations of the complaint, unless patently frivolous, are taken as true." *Alexander*, 609 F.2d at 781. Mandamus is an appropriate means of relief when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (internal quotations and citation omitted). In order to be entitled to relief pursuant to 28 U.S.C. § 1361, petitioner must establish each of the three requirements set forth in *Barnhart*.

Petitioner states that at the onset of his prison sentence in January of 1995, he requested dental services, including the removal of his remaining teeth and the provision of dentures. Due to repeated transfers within the BOP system, and a 24 month waiting period that accrues with each transfer, he has been unable to obtain these services. Petitioner renewed his request for services upon being transferred to FPC Pensacola, requesting that extraction of his remaining teeth and dentures to

---

[1] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

*Case No: 3:07cv225/RV/MD*

be provided. He stated that he was told by the Health Services Department that his teeth would be immediately extracted, but that he would not be at Pensacola long enough to obtain dentures. Petitioner contends that this is unreasonable because in typical dental centers around Pensacola, teeth are extracted and dentures are provided in about 4-6 weeks. He alleges that he has lost 48 pounds since arriving at FPC Pensacola in April of 2006, and has been in pain and suffered from infections during that time period, although this is not reflected in any of the attachments to the complaint. He seeks an order directing the BOP to extract his teeth and provide dentures or permit him to have a furlough as required for that purpose.

Petitioner has attached grievances showing his attempts to resolve this matter through the administrative grievance process. The warden's response to petitioner's December 28, 2006 request for administrative remedy stated in part:

> **Investigation of this matter reveals that you submitted an Inmate Request Form (BP-S148.055) to the Dental Department at FPC Pensacola on April 28, 2006, requesting to be examined for dentures. You were provided with an appointment for comprehensive treatment planning on October 30, 2006. You were informed of your dental condition on that date and treatment plan was presented to you. The treatment plan included the removal of non restorable teeth with a plan for complete denture fabrication. You refused this dental treatment on November 30, 2006. Your refusal of treatment has delayed your treatment process. The process of denture fabrication takes time and there may be unforeseen complications in your treatment. Because of this, no exact delivery date can be determined for your denture delivery. The Bureau of Prisons is not required to replace missing teeth, regardless of when or where the teeth were removed, unless an inmate exhibits symptoms of malnutrition, such as significant weight loss, etc. At no time did the dentist refuse to treat you, nor were you told you could not resume the treatment plan that was presented to you. You were instructed to notify the dentist if you wanted to resume your treatment plan. You are not subject toa 24 month waiting period. You simply have to notify the dentist that you wish to resume treatment. Your request for outside dentures is not considered an option.**

(Response dated January 22, 2007). Petitioner appealed, and the regional director found that the warden's response was "accurate and addressed all of [petitioner's]

concerns and recommendations," further reaffirming that the BOP is not required to replace missing teeth, regardless of when or where the teeth were removed and noting that inmates are not permitted to use their own physicians or other providers, whether on a reimbursable or non-reimbursable basis. (Response dated February 27, 2007).

Petitioner appealed to the national administrator who reaffirmed that the removal of teeth does not automatically qualify an inmate for a prosthetic replacement, that fabrication of a dental prosthesis is considered non-emergency treatment, that inmates must meet the required prerequisites in Program Statement 6400.02 (including maintenance of good oral health) before obtaining such treatment, and that inmates are not permitted to use civilian providers. P.S. 6031.01. (Response dated April 16, 2007).

Based on this court's review of the petition, attachments and the applicable Program Statements, it finds that petitioner has failed to establish his clear right to the relief requested, or that defendant has a clear duty to act in the manner in which petitioner requests. There also appear to be other adequate remedies available to him. In making this determination, the court has considered *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003), in which an inmate brought suit pursuant to 42 U.S.C. § 1983 alleging, inter alia, a violation of his Eighth Amendment rights because he had received inadequate dental care. Like the petitioner in the instant case, Farrow alleged that he needed to be provided with dentures. On review of the district court's summary judgment order, the appellate court found a serious medical need, based on the particular facts of that case, plaintiff's allegations of continual and prolonged pain and bleeding gums, necessary modification of his diet, and extreme weight loss, none of which is mentioned in petitioner's administrative remedies in this case. The *Farrow* court specifically stated that it was "not saying that merely having few or no teeth and a definite need for dentures per se constitutes a serious medical need in each case." 320 F.3d at 1244. It reversed the district court in part, remanding for consideration of the issue of deliberate indifference with respect to

one defendant.  Although petitioner in this case states that he does not seek money damages, he could have sought other forms of relief pursuant to 42 U.S.C. § 1983. Thus, mandamus is not the only adequate remedy available to him.  Having failed to establish each of the three *Barnhart* requirements, this court has no jurisdiction over this dispute, and the case must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for lack of jurisdiction.

At Pensacola, Florida, this 5th day of September, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).